IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:25-cr-330 |
| v. | Count 1: 18 U.S.C. § 2252(a)(2), (b)(1) (receipt of child pornography) |
| NATHANIEL CAREY LEE, *Defendant.* | Count 2: 18 U.S.C. § 2252(a)(2), (b)(1) (receipt of child pornography) |
| | Count 3: 18 U.S.C. § 2252(a)(4)(B), (b)(2) (possession of child pornography) |
| | Forfeiture Notice |

### INDICTMENT

December 2025 Term – at Alexandria, Virginia

### Count One

(*Receipt of Child Pornography*)

THE GRAND JURY CHARGES THAT:

Between on or about September 15, 2017 to on or about June 13, 2024, in the Eastern District of Virginia, the defendant, NATHANIEL CAREY LEE, did knowingly receive and attempt to receive at least one visual depiction using a means and facility of interstate and foreign commerce, and which visual depiction had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct.

(All in violation of Title 18, United States Code, Section 2252(a)(2), (b)(1).)

## Count Two

*(Receipt of Child Pornography)*

Between on or about June 10, 2020 to on or about June 13, 2024, in the Eastern District of Virginia, the defendant, NATHANIEL CAREY LEE, did knowingly receive and attempt to receive at least one visual depiction using a means and facility of interstate and foreign commerce, and which visual depiction had been mailed, and had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been mailed and so shipped and transported, by any means including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct.

(All in violation of Title 18, United States Code, Section 2252(a)(2), (b)(1).)

## Count Three

*(Possession of Child Pornography)*

On or about June 13, 2024, in the Eastern District of Virginia, the defendant, NATHANIEL CAREY LEE, did knowingly possess and attempt to possess at least one matter which contained any visual depiction that had been mailed, and had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and which visual depiction was produced using materials which had been mailed and so shipped and transported, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct, to wit: videos and images depicting minors engaging in sexually explicit conduct, at least one of which is different from the images in Counts One and Two above and involved a prepubescent minor and a minor who had not attained 12 years of age engaging in sexually explicit conduct.

(All in violation of Title 18, United States Code, Section 2252(a)(4)(B), (b)(2).)

## **FORFEITURE NOTICE**

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

The defendant, NATHANIEL CAREY LEE, is hereby notified, pursuant to Federal Rule of Criminal Procedure 32.2(a), that upon conviction of Counts One, Two, or Three of this Indictment, he shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a): (1) any and all matters that contain visual depictions of minors engaged in sexually explicit conduct in violation of the charged offenses; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (3) any property, real or personal, used or intended to be used to commit or promote the commission of such offenses or property traceable to such property.

The property subject to forfeiture includes, but is not limited to, the following: a Rog Zephyrus Laptop; a Seagate Hard Drive 4TB; a Silver Thumb Drive; a Moto Droid Cell Phone; a HP Desktop Computer; a Dell Desktop Computer; a Book of 47 DVDs; 29 Multiple Optical Media; a MSI Laptop; two 32GB SanDisk Flashdisk Thumb Drives; a Samsung S22 Ultra Cell Phone; an Apple iPad Model A1458; and a Seagate Gaming Hub 8TB.

If any property subject to forfeiture is unavailable, the United States may seek an order forfeiting substitute assets pursuant to Title 21, U.S. Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

//

//

//

//

//

//

(Pursuant to Title 18, United States Code, Section 2253; Title 21, United States Code, Section 853(p); and Federal Rule of Criminal Procedure 32.2.)

Lindsey Halligan
United States Attorney and Special Attorney

Todd W. Blanche
Deputy Attorney General

Robert K. McBride
First Assistant United States Attorney

_Meredith R. Clement_
Meredith R. Clement
Nadia Prinz
Special Assistant United States Attorneys (LT)

A TRUE BILL

~~FOREPERSON~~

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

\*\* But see Order, ECF No. 213, USA v. Comey, 1:25-cr-00272 (E.D. Va. Nov. 24, 2025)
and,
Order, ECF No. 140, USA v. James, 2:25-cr-0012

(E.D. Va. Nov. 24, 2025)

4